Commonwealth of Pennsylvania, Department of Transportation and Township of Tinicum and Palisades School District, Appellees, *v.* Joseph Petraitis and Wanda T. Petraitis, Appellants.

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Joseph Petraitis* and *Wanda T. Petraitis,* appellants, for themselves.

*Martin Burman,* Special Assistant Attorney General, for appellee, Commonwealth.

*Charles H. Dorsett, Jr.,* with him *Eastburn and Gray,* for appellee, Tinicum Township.

*Gordon C. Erdenberger,* with him *Power, Bowen & Valimont,* for appellee, Palisades School District.

Opinion by Judge Mencer, May 28, 1975:

Joseph Petraitis and Wanda T. Petraitis (appellants) are the owners of a tract of land in Tinicum Township, Bucks County, which abuts both sides of Legislative Route 326 (River Road) and Legislative Route 09099 (Dark Hollow Road). River Road and Dark Hollow Road intersect in a T intersection, and the appellants have a home which fronts on the northwest corner of this intersection.

The present litigation had its origin on April 21, 1972, when the Commonwealth of Pennsylvania, Department of Transportation (Commonwealth), and Tinicum Township (Township)[1] filed a complaint in equity seeking a preliminary injunction, alleging that the appellants were obstructing and interfering with the public rights-of-way in River Road and Dark Hollow Road by placing rocks, boulders, and other objects on these rights-of-way. Following a hearing on April 26, 1972, Judge Edwin H. Satterthwaite, sitting as chancellor, granted preliminary injunctive relief against the appellants.

After a final hearing had been held on October 30, 1973, the chancellor, on December 7, 1973, issued an adjudication and decree nisi which enjoined the appellants from obstructing and encroaching upon the legal right-of-way of River Road and the paving of River Road and Dark Hollow Road at and near their intersection as it existed on March 16, 1972 and directed appellants to remove from the legal right-of-way of River Road any rocks, boulders, and other objects thereon within a distance of 14 feet of the center line of the paved surface of River Road as depicted in Exhibit P-1 of the record.

Appellants filed exceptions to the decree nisi, but the court en banc overruled the exceptions and adopted the

1. In addition to these two plaintiffs, Palisades School District was joined as a party plaintiff by order under date of April 27, 1972.

decree nisi as the final decree of the court. Appellants now appeal to us.

Our narrow scope of review in this type of case was set forth in *Groff v. Borough of Sellersville,* 12 Pa. Commonwealth Ct. 315, 317, 314 A.2d 328, 330 (1974), in which we stated:

"Our scope of review in equity matters is limited. The findings of fact of the chancellor will be reversed only where there has been manifest or clear error or a clear abuse of discretion. The chancellor's decision will stand if there exists sufficient evidence to justify the findings and logically sound, reasonable inferences and conclusions derived therefrom. Even a preponderance of testimony against the findings will be insufficient if there is testimony which, if believed, will warrant them."

Unhappily for appellants, the exercise of our review compels our affirmance of the lower court.

Our careful reading of the record and briefs in this case reveals that appellants, who unfortunately were unrepresented by counsel, either misunderstood or ignored the issues involved in this litigation. These issues, stated simply, were (1) the ascertainment of the legal right-of-way of River Road, including the location of its center line, and (2) whether or not appellants encroached upon this right-of-way by placing rocks, boulders, and other objects thereon.

The lower court's resolution of these issues against appellants was adequately supported by the testimony of one of the appellants, Joseph Petraitis. Mr. Petraitis admitted causing the rock pile in question and also admitted that the rock pile was in the legal right-of-way of River Road. The following colloquy between Judge SATTERTHWAITE and Mr. Petraitis demonstrates how these factual questions were decided by appellants' own admissions: "Q. All right. Now, is there anything else you want to tell me about the right-of-way with respect to

Route 32? A. Well, I won't go into that part. Legally, I mean the center line, but the center line is what the base line, as they were referring to it, as their base line. That's what I mean, and they came and asked me where the center line or what I considered to be the center line. They were things I draw the conclusion from to be the original center line of the highway. Q. Let me ask you this: Do you quarrel with the location, what Mr. Hendricks calls the base line, and which Mr. Miller called the center line on this plan P-1? A. No, sir, I don't quarrel with it at all. Q. Do you concede the survey base line shown on P-1 is the center line of the legal right-of-way as the Commonwealth contends? A. Yes, sir. I told them to put it there. Q. I don't quite understand what the problem is then. A. I have stated— Q. Do you challenge the question that the River Road thirty-three feet wide is legally laid out? A. No, sir. We researched. Q. Do you challenge that is an encroachment down here on the rock pile then? A. I am not challenging. I think, which is right, is that this stone wall right here, which is owned by the Department of Highways, doesn't encroach any more than my rock pile down here encroaches any more. If they want to widen this road thirty-two, they should go into the canal, and widen just as much. The state laws, 213 and 212, state that the Department of Highways can go right into any canal anywhere, and widen out the road evenly. Q. Let's make sure I don't misunderstand what you are saying here, Mr. Petraites [*sic*]. Are you saying that you do not challenge the location of the legal right-of-way lines, which are shown on this plan P-1? A. No, sir. Q. All right. A. But do say if they want me to remove my pile, they should remove their stone wall up here." These admissions of the appellants on the only real factual issues presented in this litigation compel us to affirm the lower court.

Affirmed.